J-S42044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AARON TOOLE, :
:
Appellant : No. 2760 EDA 2018

Appeal from the PCRA Order Entered August 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003352-2012,
CP-51-CR-0003353-2012

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 09, 2019**

Appellant, Aaron Toole, appeals, *pro se,* from the order entered August 28, 2018, denying his first petition filed under the Post Conviction Relief Act (PCRA).[1]  Upon review of the dockets of the matters under appeal, we note that subsequent to the filing of the appeal, the PCRA court granted the application of James A. Lammendola, Esquire, to withdraw as counsel for Appellant and ordered new counsel to be appointed.  As new counsel has not entered an appearance in this Court and the PCRA court's dockets do not reflect that new counsel has been appointed for Appellant, we remand these matters to the PCRA court with direction that that court notify this Court in

_____

[1] 42 Pa.C.S. §§ 9541–9546.

* Retired Senior Judge assigned to the Superior Court.

writing within 30 days whether Appellant is currently represented in this matter or is currently proceeding *pro se*.[2]

On January 23, 2012, Zahyir Blake and Rashi Anderson were fired upon with handguns by two men they encountered while walking along Chelten Avenue in Philadelphia. Blake suffered a gunshot wound to the leg and survived, but Anderson died from the gunshot wounds. Blake later identified Appellant, who he knew from high school, as one of the shooters to the police.

Appellant was charged at docket number CP-51-CR-0003352-2012 (No. 3352) with first-degree murder related to the death of Anderson, conspiracy to commit first-degree murder, carrying a firearm without a license, carrying a firearm in public in Philadelphia, possessing the instrument of a crime with intent to employ, and recklessly endangering another person.[3] Appellant was separately charged at docket number CP-51-CR-0003353-2012 (No. 3353) with attempted first-degree murder with respect to the shooting of Blake, as

_____

[2] On March 5, 2019, this Court issued a rule directing Appellant to show cause why his appeal should not be quashed in light of the rule stated in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. Appellant filed a response on March 14, 2019, and on April 3, 2019, this Court entered an order discharging the rule, but stating that the merits panel may revisit the issue of whether Appellant's notice of appeal ran afoul of **Walker**. In light of our present action in this matter, we will not reach the issue of whether Appellant's appeal must be quashed.

[3] 18 Pa.C.S. §§ 2502(a), 903, 6106(a)(1), 6108, 907(a), and 2705, respectively.

well as aggravated assault, simple assault, recklessly endangering another person, and conspiracy.[4]

On November 18, 2014, Appellant was convicted following a jury trial of first-degree murder, conspiracy, carrying a firearm with a license, carrying a firearm in public in Philadelphia, and possessing an instrument of a crime at No. 3352 and attempted first-degree murder and aggravated assault at No. 3353. The remaining charges were *nolle prossed*. On January 15, 2014, Appellant was sentenced to a term of life imprisonment without the possibility of parole on the first-degree murder charge at No. 3352 and a consecutive sentence of 20 to 40 years of imprisonment on the aggravated assault conviction at No. 3353.[5] Appellant filed a timely *pro se* notice of appeal, but discontinued the appeal on May 19, 2015.

On March 3, 2016, Appellant filed, *pro se*, the instant PCRA petition. Stephen O'Hanlon, Esq., was appointed as counsel for Appellant, and, on May 1, 2016, Attorney O'Hanlon filed a petition to withdraw as counsel and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's petition to withdraw and directed

_____

[4] 18 Pa.C.S. §§ 901(a), 2702(a), 2701(a), 2705, and 903, respectively.

[5] Appellant also received sentences of 10 to 20 years of imprisonment on the conspiracy charge and 3 years and 6 months to 7 years of imprisonment on the carrying a firearm without a license charge at No. 3352, which were designated to run concurrently with the sentence of life imprisonment. No further penalty was imposed for the remaining charges.

that James A. Lammendola, Esq., be appointed as new counsel for Appellant. On March 17, 2017, Attorney Lammendola filed an amended PCRA petition. On August 15, 2017, Appellant filed a motion to proceed *pro se*. On August 25, 2017, the PCRA court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). At the hearing, the PCRA court permitted Attorney Lammendola to withdraw and Appellant to proceed *pro se*, however, these rulings were not reflected in the certified record or on the PCRA court dockets.

On October 27, 2017, Appellant filed a *pro se* amended PCRA petition. On October 31, 2017, the PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing because the issues raised were without merit. On June 7, 2018, the Commonwealth filed a motion to dismiss the PCRA petition, and Appellant filed a *pro se* response to this motion. On August 28, 2018, the PCRA court entered an order dismissing the PCRA petition for lack of merit. Appellant filed a timely notice of appeal of that order.[6]

On October 22, 2018, Attorney Lammendola filed an application in this Court to withdraw as counsel for Appellant in this appeal. By a *per curiam* order, this Court denied the application without prejudice to Attorney Lammendola to file an application to withdraw in the PCRA court. Attorney Lammendola then filed the application to withdraw at the PCRA court. On December 19, 2018, the PCRA court entered an order that the docket entries

_____

[6] Appellant filed his statement of errors complained of on appeal on October 5, 2018. The trial court filed its opinion on December 10, 2018.

be amended to reflect that a *Grazier* hearing was held on August 25, 2017 and the court had permitted Appellant to proceed *pro se* and permitted Attorney Lammendola to withdraw at that hearing. The PCRA court further granted Attorney Lammendola's application to withdraw as counsel and directed "that new counsel be appointed" for Appellant. Order, 12/19/18. Attorney Lammendola subsequently notified this Court that he had been permitted to withdraw by the PCRA court. The PCRA court's dockets have not been updated to reflect that new counsel was appointed for Appellant, nor has any other counsel entered an appearance in this appeal.

Rule of Criminal Procedure 120(B)(3) provides that "[u]pon granting leave to withdraw, the court shall determine whether new counsel is entering an appearance, new counsel is being appointed to represent the defendant, **or** the defendant is proceeding without counsel." Pa.R.Crim.P. 120(B)(3) (emphasis added). In light of the fact that the PCRA court's December 19, 2018 order provides that, following Attorney Lammendola's withdrawal from representation, Appellant may proceed *pro se* **and** that new counsel be appointed to represent him, we remand this matter to the PCRA court. On remand, the PCRA court shall notify this Court in writing, within 30 days of the date of this memorandum, whether new counsel is being appointed for Appellant or whether Appellant is proceeding *pro se*. The PCRA court shall update its dockets to reflect this clarification. If the PCRA court appoints new PCRA counsel for Appellant, it shall direct new counsel to enter an appearance in this Court.

Cases remanded.  Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/19